76 F.3d 387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fredys Armando LARIOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1995.*
Decided Jan. 31, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 Introduction
 
 2
 Fredys Armando Larios petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction over this timely appeal pursuant to 8 U.S.C. § 1105a(a). We deny the petition.
 
 Factual and Procedural Background
 
 3
 Larios is a twenty-four year old single male who was born in Nicaragua and is a citizen of that country. Larios entered the United States without inspection at San Ysidro, California on January 11, 1989. On March 9, 1993, the Immigration and Naturalization Service ("INS") issued an order to show cause why Larios should not be deported for entering the United States without inspection in violation of 8 U.S.C. § 1251(a)(1)(B). Larios admitted the factual allegations in the order to show cause, conceded deportability, and sought asylum and withholding of deportation. In the alternative, Larios requested voluntary departure.
 
 
 4
 Larios's application for asylum had been forwarded to the United States Department of State, Bureau of Human Rights and Humanitarian Affairs. On September 10, 1993, the Department of State issued an advisory opinion concluding: "In our view, the application does not identify any special factors that would subject the applicant to a significant risk of Sandinista mistreatment if the applicant were to return to Nicaragua."
 
 
 5
 On October 14, 1993, Larios appeared with counsel before an IJ. Larios testified on his own behalf and presented documentary evidence. After hearing Larios's oral testimony and reviewing the asylum application, the IJ rendered an oral decision denying asylum and withholding of deportation. The IJ found that Larios failed to submit sufficient evidence showing past persecution or a well-founded fear of persecution on account of any of the specified grounds in 8 U.S.C. § 1101(a)(42)(A). The IJ also found that Larios was not a credible witness. Specifically, the IJ found Larios's explanation for his failure to provide evidence of his anti-Sandinista activism unreasonable. Moreover, the IJ observed that Larios's testimony "added completely new events" not contained in his asylum application. The most notable addition was an alleged two-day incarceration in which Larios claimed he was beaten and accused of being a Somoza supporter.
 
 
 6
 Larios appealed to the BIA which affirmed the IJ's decision and dismissed the appeal. The BIA held that Larios did not suffer persecution as a matter of law due to his single detention. In addition, the BIA held that in light of the Sandinistas' 1990 election loss, Larios failed to prove that he would be persecuted if returned to Nicaragua. Finally, the BIA incorporated the IJ's decision: "As we find that the immigration judge adequately and correctly addressed the remaining issues raised on appeal, his decision is affirmed based upon and for the reasons set forth therein."
 
 Background Law
 
 7
 The Attorney General has discretion to grant political asylum to any alien determined to be a refugee. 8 U.S.C. § 1158(a). A refugee is an alien who is unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An alien's fear of persecution must be both subjectively genuine and objectively reasonable. Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995); Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution. Prasad, 47 F.3d at 338. The objective component requires a showing of credible, specific, and direct evidence supporting a reasonable fear of persecution. Id.
 
 
 8
 The BIA's asylum eligibility determinations are reviewed for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Ghaly, 58 F.3d at 1429. We will reverse the BIA only where a reasonable factfinder would be compelled to conclude that the requisite fear of persecution existed. Ghaly, 58 F.3d at 1429. Where the BIA expressly adopts the IJ's opinion, we treat the IJ's statement of reasons as the BIA's. Id. at 1430; Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 Discussion
 
 9
 1. The BIA's determination that Larios failed to demonstrate past persecution or a well-founded fear of persecution is supported by substantial evidence.
 
 
 10
 Larios argues that a reasonable factfinder would be compelled to conclude that he was subject to persecution or had a well-founded fear of persecution on account of membership in a particular social group or political opinion. We disagree.
 
 
 11
 In his application for asylum, Larios stated: (1) his brother and sister were members of the anti-communist guerillas, (2) his mother and father had extensive ties with the Nationalist Liberal Party (PLN), (3) he was a member of Los Desamparados Catholic Church which is considered an enemy of the Sandinistas, (4) he openly manifested opposition to the Sandinistas, (5) he was detained, interrogated, and threatened by the Sandinistas because he refused to join Sandinista organizations, (6) his house was raided by the Sandinistas, and (7) his father was detained and accused of being a Somoza supporter.
 
 
 12
 Larios repeated much of the above facts at this deportation hearing and added the following: (1) he belonged to a church group from 1987 to 1988 which gathered and distributed information concerning human rights violations by the Sandinistas, (2) in August 1988, while distributing such information, he was arrested, incarcerated for two days, beaten, and accused of being a Contra, (3) in 1980, his father was incarcerated for one week, interrogated, and beaten, and (4) much of his family's property was confiscated by the Sandinistas. Larios conceded at his deportation hearing that he left Nicaragua in part to avoid military service and to escape high unemployment.
 
 
 13
 The BIA's determination that Larios did not suffer persecution due to his single detention in August 1988 is supported by substantial evidence. Brief detention does not necessarily establish persecution. Prasad, 47 F.3d at 339. In Prasad, we held that a four to six-hour incarceration, where an alien was beaten and kicked, did not compel a finding of persecution. Id. at 340; see also Kapcia v. INS, 944 F.2d 702, 708 (10th Cir.1991) (two-day incarceration where alien was interrogated and beaten did not compel finding of past persecution) (cited with approval in Prasad ). While a reasonable factfinder could have concluded from this incident that Larios suffered persecution, we cannot conclude that such a factfinder would be compelled to do so. Thus, we affirm the BIA's determination that Larios failed to establish persecution based on this single detention.
 
 
 14
 The other evidence, taken in combination with Larios's detention, does not compel a finding of persecution or a well-founded fear of persecution. First, the BIA properly noted that in light of the 1990 election loss of the Sandinistas, Larios failed to establish that he would continue to be mistreated. "Fundamental social or political changes in the applicant's homeland are highly relevant to the likelihood of future persecution." See Kazlauskas v. INS, 46 F.3d 902, 906 n. 3 (9th Cir.1995). Second, Larios remained in Nicaragua for at least a month without incident following his alleged incarceration. See Rodriquez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988). Third, Larios was able to obtain a passport and exit visa, and then leave Nicaragua without incident. See id. (obtaining passport undermines claim of well-founded fear). Fourth, Larios's relatives who continue to live in Nicaragua have not been persecuted. See Ubau-Marenco v. INS, 67 F.3d 750, 756 n. 4 (9th Cir.1995). Finally, Larios admitted he left Nicaragua in part to avoid military service and high unemployment. These two factors alone do not mandate a finding of persecution. See Rodriquez-Rivera, 848 F.2d at 1005.
 
 
 15
 We reject Larios's argument that the BIA's decision is flawed because it failed to review the record and explain its decision. See Brief for Petitioner, at 10-11. The BIA clearly reviewed the record. "We have reviewed the record of proceedings, the immigration judge's decision, and the respondent's cursory contentions on appeal." BIA decision, at 1. Moreover, the BIA explained its decision regarding the issues of past persecution and the 1990 election loss of the Sandinistas, and expressly adopted the IJ's decision. Therefore, the BIA's decision is not flawed.
 
 
 16
 Because Larios failed to satisfy the objective component of a persecution claim, we need not determine whether the IJ's credibility findings are supported by substantial evidence. We also need not determine whether Larios was entitled to asylum in the exercise of discretion.
 
 
 17
 2. The BIA's denial of withholding of deportation is supported by substantial evidence.
 
 
 18
 Because Larios failed to establish eligibility for asylum, he cannot satisfy the higher standard required for withholding of deportation. "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well." Ghaly, 58 F.3d at 1429.
 
 Conclusion
 
 19
 The BIA's determination that Larios is not eligible for asylum or withholding of deportation is supported by substantial evidence. The petition for review is DENIED.
 
 Sanctions
 
 20
 We have considered sanctioning petitioner's counsel, Xavier J. Vega, for his failure to comply with Fed.R.App.P. 28 and Ninth Cir.R. 28-1 and 28-2. Specifically, petitioner's opening brief fails to contain: (1) an accurate table of contents and table of authorities, (2) a statement of subject matter and appellate jurisdiction, (3) a statement of the case and statement of facts with appropriate references to the record, (4) a summary of argument, and (5) an argument containing references to the record. We have decided that sanctions should not be imposed without first providing Mr. Vega with notice of his deficient conduct. However, Mr. Vega is reprimanded for such conduct and will be sanctioned in the event of any recurrence thereof.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3